IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NURIDDIN AL-AMIN RASHID, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 110-029 |
| | ) | |
| FRED HEAD, Warden, and THURBERT | ) | |
| E. BAKER, Attorney General for the State | ) | |
| of Georgia, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Nuriddin Al-Amin Rashid filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **FINDS** that the petition for habeas corpus relief is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the motion to

---

[1] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

proceed *in forma pauperis* be deemed **MOOT** (doc. no. 2), that this § 2254 petition be **DISMISSED** as untimely, and that this civil action be **CLOSED**.

## I. BACKGROUND

According to Petitioner, on October 20, 1999, he pled guilty in the Superior Court of Lincoln County, Georgia, to five counts of aggravated assault, two counts of felony obstruction of a police officer, and one count of interference with government property. (Doc. no. 1, pp. 3-4). Petitioner also reports that he was sentenced to a term of thirty years of imprisonment and twenty years of probation. (Id. at 4). Petitioner states that did not appeal his conviction, but instead filed several post-trial motions, including a motion for a new trial. (Id. at 4-5). The last of post-trial motion was denied in February 2004. (Id. at 5).

Petitioner also filed a state habeas petition in the Superior Court of Macon County, Georgia, although he does not report the date he filed that petition. (Id.). In his state habeas petition, Petitioner made several claims of error, contending that (1) he received ineffective assistance of counsel, (2) his guilty plea was not "knowingly [and] intelligently entered," and (3) his due process rights were violated. (Id.). Petitioner reports that the state habeas court denied his petition on November 12, 2008. (Id.).[2] Petitioner then executed the instant petition for a federal writ of habeas corpus on March 4, 2010, in which he makes the same claims for relief that he did in his state habeas petition. (Id. at 8, 10).

---

[2]Petitioner does not specify whether he filed an application for a certificate of probable cause to appeal the state habeas court's ruling.

2

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A. Finality of Petitioner's Conviction

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." As noted above, a judgment of conviction was entered against Petitioner in October 1999. Petitioner did not file an appeal, but rather filed several post-trial motions, including a motion for a new trial.

Notably, in Georgia, a direct appeal may not be filed while a motion for a new trial is pending, see Griffin v. Loper, 433 S.E.2d 653, 654 (Ga. Ct. App. 1993), because there is no final judgment that can be appealed while such a motion is pending, Ross v. Griffin, 77 S.E.2d 523, 523 (Ga. 1953). Thus, Petitioner had to wait until his motion for a new trial was ruled upon before seeking direct review of his conviction.

While Petitioner does not specify the date on which his motion for a new trial was denied, the Court assumes *arguendo* that his motion for new trial was the last motion ruled on, in February 2004. At this point, Petitioner could have filed an appeal but chose not to. Thus, Petitioner's conviction became final when the thirty (30) days for filing a notice of appeal expired. See O.C.G.A. § 5-6-38(a) (noting that a notice of appeal must be filed "within 30 days after entry of the appealable decision or judgment complained of"). Therefore, in the instant case, the AEDPA statute of limitations began to run thirty days following the date Petitioner's motion for new trial was denied in February 2004. Thus, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's conviction became final in March 2004.

### B. Application of the Statute of Limitations

Under the AEDPA, Petitioner had one year from March 2004 to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Petitioner states that he filed a state habeas petition that was denied on November 12, 2008, (id. at 5), although he does not report

4

the date he initially filed his state habeas petition. However, even assuming that Petitioner filed the state petition on the same day the AEDPA statute of limitations began to run in March 2004 and that the one-year statute of limitations period was therefore tolled from March 2004 to November 2008 while his state habeas petition was pending (a matter which is by no means clear), this statutory tolling provision of the AEDPA is of no help to Petitioner. Indeed, by Petitioner's own account, his state habeas petition was denied in November 2008. He did not execute the instant federal habeas petition until March 2010, more than one year later. Accordingly, the instant petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

That said, the AEDPA describes three other situations which may delay or reset its one-year statute of limitations: where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; where the State has created some "impediment" to filing the application; or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B)-(D). Here, Petitioner fails to argue, and there is nothing in the record to suggest, that any of these other three situations applies to his case. Accordingly, these provisions do not provide any other valid statutory ground for extending the one-year statute of limitations.

## C.     Equitable Tolling and Claims of Actual Innocence

Of course, the untimeliness of the instant petition under the provisions of the AEDPA may be "excused" if Petitioner demonstrates that he is entitled to equitable tolling. Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a

5

petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298,1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Moreover, a claim of actual innocence may warrant consideration of an otherwise untimely federal petition. Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The Eleventh Circuit has described the actual innocence exception as follows:

> This exception is exceedingly narrow in scope, as it concerns a petitioner's "actual" innocence rather than his "legal" innocence. See Calderon v. Thompson, 523 U.S. 538, 559, 118 S. Ct. 1489, 1502-03, 140 L. Ed.2d 728 (1998); Murray [v. Carrier], 477 U.S. [478,] 495-96, 106 S. Ct. at 2649 (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed.2d 808 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon, 523 U.S. at 559, 118 S. Ct. at 1502-03 (quoting Schlup, 513 U.S. at 324, 115 S.Ct. at 865) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected" (internal quotation marks omitted)).

Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Here, Petitioner has failed to demonstrate that any extraordinary circumstances, let alone extraordinary circumstances and due diligence on his part, entitle him to equitable tolling of the statute of limitations, and no such argument leaps from the face of the petition. Moreover, Petitioner has failed to argue or provide any evidence suggesting that he can meet the stringent standard necessary to trigger the actual innocence exception. Therefore, neither equitable tolling nor the actual innocence exception are available to extend the AEDPA's one-year statute of limitations.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments to support a claim of actual innocence, Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations and should be dismissed as untimely.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be deemed **MOOT** (doc. no. 2), that this § 2254 petition be **DISMISSED** as untimely, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of March, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE