IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NURIDDIN AL-AMIN RASHID, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 110-029 |
| | ) | |
| FRED HEAD, Warden, and THURBERT E. BAKER, Attorney General for the State of Georgia, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Two of Petitioner's objections merit further discussion, but they do not change the Court's opinion regarding the Magistrate Judge's Report and Recommendation.

In his Report and Recommendation, the Magistrate Judge recommended that the instant petition filed pursuant to 28 U.S.C. § 2254 be dismissed as untimely because (1) it was filed more than one year after Petitioner's conviction became final, (2) there was no other valid statutory ground for extending the deadline for filing the federal petition, and (3) Petitioner had not satisfied the requirements of equitable tolling or presented any arguments to support a claim of actual innocence. (See doc. no. 3, pp. 3-7.) In finding that the § 2254 petition was filed more than one year after Petitioner's state court conviction became final, the Magistrate Judge

explained that pursuant to 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." (Id. at 3.) However, because Petitioner filed a motion for new trial (among other post-trial motions) following the entry of his guilty plea, he could not file an appeal until his motion for new trial was ruled on. (Id. at 4 (citations omitted).) Although Petitioner did not specify the date on which his motion for new trial was denied, the Magistrate Judge assumed *arguendo* that the motion for new trial was the last motion ruled on in February 2004. (Id.) At this point, Petitioner could have appealed but did not. Accordingly, the Magistrate Judge found that Petitioner's conviction became final when the 30 days for filing a notice of appeal expired in March 2004. (Id.)[1]

In his objections, Petitioner argues that he had no right to a new trial since he pled guilty and that his only method for challenging the validity of his guilty plea was to file a state habeas petition. (Doc. no. 5, p. 4 (citing Harden v. State, 339 S.E.2d 793 (1986).) Accordingly, Petitioner contends that his conviction did not become final and that the one-year statute of limitations for filing his federal habeas petition did not begin to run until March 10, 2009, when the Georgia Supreme Court denied his application for a certificate of probable cause ("CPC") to appeal the state habeas court's denial of his state habeas petition. (See id. at 4, 8.) Petitioner further argues that because he filed his federal habeas petition on March 4, 2010, within one year of March 10, 2009, the instant petition is timely. (See id. at 5-6.)

---

[1] See O.C.G.A. § 5-6-38(a) (noting that a notice of appeal must be filed "within 30 days after entry of the appealable decision or judgment complained of").

2

However, this argument ignores the fact that the date on which the state's collateral review process is completed has no bearing on the date on which a conviction becomes final for the purpose of determining the timeliness of a federal habeas petition under § 2254. Indeed, as noted above, 28 U.S.C. § 2244 specifically provides that a conviction becomes final upon "the conclusion of *direct review* or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). In sum, Petitioner's argument that his conviction did not become final until the state's *collateral review* process had been completed is squarely foreclosed by a plain reading of the statute. Thus, the Magistrate Judge correctly concluded that Petitioner's conviction became final in March 2004 when the 30 days for filing a notice of appeal expired and that Petitioner had one year from this date to file his federal habeas petition. Accordingly, the Court finds that Petitioner's argument is without merit, and this objection is **OVERRULED**.

The Court also notes that in his federal habeas petition, Petitioner did not provide the date on which he filed his state habeas petition, nor did he state whether he had filed a CPC application to appeal the denial of his state habeas petition. Accordingly, for the purpose of determining whether the tolling provision of 28 U.S.C. § 2244(d)(2) was of any help to Petitioner,[2] the Magistrate Judge assumed *arguendo* that the state habeas petition was filed on the same date the statute of limitations initially began to run in March 2004 and that the one-year statute of limitations period was therefore tolled from March 2004 to November 2008,

---

[2]As explained by the Magistrate Judge, according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. (Doc. no. 3, p. 4 (citing Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003)).)

3

when the state habeas petition was denied. (Doc. no. 3, pp. 4-5 (citations omitted).) However, because Petitioner did not file his state habeas petition until March 2010, more than one year after his state habeas petition was denied in November 2008, the Magistrate Judge found that the statutory tolling provision in § 2244(d)(2) was of no help to Petitioner. (Id. at 5.)

As noted above, in his objections, Petitioner has now informed the Court that his state habeas petition was pending until March 10, 2009, when the Georgia Supreme Court denied his CPC application. (Doc. no. 5, pp. 3, 7-8.) Notably, however, Petitioner also provides that he did not file his state habeas petition until January 2006. (Id. at 2, 9.) Accordingly, even though Petitioner's state habeas petition was pending until March 10, 2009, and Petitioner filed the instant petition within one year of that date, the statutory tolling provision set forth at § 2244(d)(2) is still of no help to Petitioner. Indeed, Petitioner had one year from March 2004, the date his conviction became final, to file his federal habeas petition. However, he did not commence state habeas proceedings until January 2006, several months after the one-year statute of limitations for filing his federal habeas petition had expired. Therefore, no time period remains to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). Thus, any argument by Petitioner that the tolling provision of § 2244(d)(2) makes his petition timely based on the new information he has provided is without merit, and this objection is also **OVERRULED**.[3] Accordingly, the Report and Recommendation of the

---

[3]The remainder of Petitioner's objections are likewise without merit and are also **OVERRULED**.

4

Magistrate Judge is **ADOPTED** as the opinion of the Court, as modified herein.

Further, a prisoner seeking relief under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. Daniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[4] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the motion to proceed *in forma pauperis* is deemed **MOOT** (doc. no. 2), this § 2254 petition is **DISMISSED** as untimely, and this civil action is **CLOSED**.

SO ORDERED this 28th day of June, 2010, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[4] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

5